# In the United States Court of Federal Claims

No. 19-851C

(Filed: August 20, 2019)

```
*************************************
                                     *
TORNELLO FONTAINE PIERCE EL-         *
BEY,                                 *
                                     *
            Plaintiff,               *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
                                     *
*************************************
```

## DISMISSAL ORDER

WHEELER, Judge.

On August 9, 2019, the Court received the Government's motion to dismiss *pro se* Plaintiff Tornello Fontaine Pierce El-Bey's complaint for lack of subject matter jurisdiction in the above-captioned case. The Government argues that Mr. El-Bey brings either a *qui tam* False Claims Act action or a tort action, both of which fall outside of this Court's jurisdiction. Accordingly, the Government requests summary dismissal (that is, dismissal without affording Mr. El-Bey the opportunity to respond to the Government's motion). Pl. Mot. at 1. The Court agrees. For the reasons mentioned herein, Plaintiff's complaint is DISMISSED.

### Discussion

In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegation in the complaint and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

7018 0680 0001 4670 3863

Under the Tucker Act, the Court may hear any "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a substantive cause of action. Rather, for a claim to be cognizable under the Tucker Act, the plaintiff must identify a "separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Id. at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

While difficult to decipher, Mr. El-Bay appears to initiate a *qui tam* action pursuant to the False Claims Act alleging that the United States Department of Housing and Urban Development has committed fraud in connection with a mortgage given to Lynton Yates Ballentine, Jr. Other parts of the complaint appear to sound in tort. Plaintiff's claims, whether sounding in tort or in the False Claims Act, fall outside of the Tucker Act's jurisdictional grant. See § 1491(a)(1) (granting jurisdiction over those claims against the United States "not sounding in tort"); 31 U.S.C. § 3732(a) (limiting False Claims Act jurisdiction to federal district courts); Hester v. United States, 136 Fed. Cl. 623, 627 (2018). Since Plaintiff's complaint, on its face, clearly has not alleged a claim over which this Court has jurisdiction, the Court need not await Plaintiff's response to the Government's motion to dismiss.

Lastly, Mr. El-Bey appears to file this complaint on behalf of another individual, Mr. Ballentine, which is not allowed under the Court's rules regarding *pro se* litigants. Rule 83.1(a)(3) of the Court states that an individual may represent oneself or a member of one's immediate family but may not represent any other person in any proceeding before this Court. Mr. El-Bey appears to file the complaint on behalf of Mr. Ballentine and does not represent that Mr. Ballentine is a member of his immediate family. The Court rules do not allow for such a filing.

## Conclusion

For the reasons above, the Court DISMISSES Plaintiff Tornello Fontaine Pierce El-Bey's complaint for lack of subject-matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge